99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brian K. CASS, Plaintiff-Appellant,
v.
CITY OF ADAMSVILLE, TENNESSEE; Donna Snider; Bobby Gray;
Allen Lipford; Ed McDaniel; Elizabeth T. Rice;
Joseph H. Walker; Paul Simpson,
Defendants-Appellees,
Dan Ward, Mayor, City of Adamsville, Tennessee; City of
Adamsville Board of Commissioners; Bill McCall;
Johnny Williams; Craig Kennedy;
Leonard E. Durham, Defendants.
 No. 95-6335, 95-6440.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1996.
 
 1
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges; JOHNSTONE, District Judge.*
 
 ORDER
 
 2
 Brian K. Cass appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Cass sued numerous state court judges, prosecutors, court clerks and police officers in their individual and official capacities, as well as the City of Adamsville, Tennessee and several city officials, alleging that the defendants had wrongfully arrested and convicted him of driving under the influence (DUI). In several orders, the district court dismissed Cass's claims against all the defendants, concluding that Cass had not properly served some of the defendants, that other defendants were immune from suit, and that Cass's claims against the remaining defendants failed to state a claim. Cass has filed a timely appeal, in which he requests the imposition of sanctions against the defendants' counsel.
 
 
 4
 We conclude that the district court properly dismissed Cass's complaint because it fails to state a claim. This court reviews de novo a district court's dismissal of a suit under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996). The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Id. After review of the record, we affirm the judgment for reasons not considered by the district court. City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994).
 
 
 5
 We conclude that the district court lacked jurisdiction to consider Cass's complaint because Cass is challenging his arrest and subsequent state court conviction for DUI. Cass's attempt to use a § 1983 action to collaterally attack a state court judgment is impermissible, see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir.1986), and the district court does not have jurisdiction to review such a collateral attack in a civil rights action. Id.
 
 
 6
 Additionally, Cass's complaint fails to state a cognizable § 1983 claim. A state prisoner does not state a cognizable challenge to his conviction if a ruling on his claim would necessarily render his conviction invalid, until and unless the reason for his continued confinement has been reversed on appeal, expunged by executive order, declared invalid by state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Regardless of the type of relief sought, if a ruling on a claim would necessarily render the plaintiff's conviction invalid, the claim must be dismissed because it is not cognizable until the challenged conviction has been remedied by some other process. Id. at 2373. In this case, the record does not reflect that Cass's conviction for DUI has been remedied by some other process. Consequently, his claims are not cognizable under § 1983.
 
 
 7
 Lastly, we deny Cass's request for sanctions against the defendants' counsel because no evidence exists that counsel acted unreasonably or vexatiously to increase the cost of litigation through the inclusion of unnecessary materials in the appendix. See Fed.R.App.P. 30(b); 6th Cir.R. 11(1).
 
 
 8
 Accordingly, this court denies Cass's request for sanctions against the defendants and affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation